**AFFIRM and Opinion Filed April 5, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00203-CR**

**ANTHONY WAYNE LEWIS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 196th District Court**
**Hunt County, Texas**
**Trial Court Cause No. 32103**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Nowell
Opinion by Justice Reichek

Anthony Wayne Lewis appeals his conviction for possession of less than one gram of a penalty group 1 controlled substance. Appellant pleaded guilty pursuant to a plea agreement and was placed on deferred adjudication probation on June 20, 2018. In 2019, the State filed a motion to revoke appellant's probation and adjudicate his guilt alleging appellant had violated the terms of his probation by using methamphetamine, failing to pay various fees and costs, and failing to perform his community service hours as ordered. Appellant pleaded true to the allegations that he failed to pay fees and costs. He pleaded not true to the allegations regarding

his use of methamphetamine and failure to perform community service. Following a hearing, the trial court found all allegations in the State's motion to revoke true and sentenced appellant to one year in prison.

On appeal, appellant's court-appointed appellate counsel has filed a brief in which she discusses several grounds of potential error, but concludes that none of the grounds constitutes reversible error. She has also filed an accompanying motion to withdraw as appointed counsel. When an appellate court receives an *Anders* brief asserting no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the record. *See Anders v. California*, 386 U.S. 738, 744 (1967) (emphasizing that the reviewing court, and not appointed counsel, determines, after full examination of proceedings, whether the case is "wholly frivolous"); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (quoting *Anders*). If we conclude, after conducting an independent review, that "appellate counsel has exercised professional diligence in assaying the record for error" and agree the appeal is frivolous, we should grant counsel's motion to withdraw and affirm the trial court's judgment. *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008); *Meza v. State*, 206 S.W.3d 684, 689 (Tex. Crim. App. 2006).

The brief before us meets the requirements of *Anders*. It presents a professional evaluation of the record showing why there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.]

1978) (determining whether brief meets requirements of *Anders*). Counsel attests that she sent copies of her motion to withdraw as court-appointed attorney and the brief in support of that motion to appellant. We advised appellant by letter of his right to file a pro se response, but no response was filed. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (appellant has right to file pro se response to *Anders* brief filed by counsel).

We have reviewed the record in the case and counsel's brief. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005) (explaining appellate courts' duties in *Anders* cases). We agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. Therefore, we grant counsel's motion to withdraw and affirm the trial court's judgment.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

200203F.U05

–3–



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

ANTHONY WAYNE LEWIS,
Appellant

No. 05-20-00203-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th District
Court, Hunt County, Texas
Trial Court Cause No. 32103.
Opinion delivered by Justice
Reichek. Justices Molberg and
Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered April 5, 2021

–4–